UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR T. REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1843 (CEJ) |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motions to expand the record of his petition for writ of habeas corpus and for sanctions. Respondent has not filed responses and the time allowed for doing so has elapsed.

A jury in the Circuit Court of St. Louis City found petitioner Arthur T. Reed guilty of second-degree burglary, resisting arrest, stealing, first-degree trespass, and second-degree property damage. Doc. #15-4 at 108-12. He was sentenced to a total of twenty-four years of incarceration. Doc. #15-4 at 126-31. In his petition for a writ of habeas corpus, petitioner asserts, *inter alia*, claims arising from his assertion that arresting officer Matthew Tesreau falsely testified that he seized and packaged a hammer and petitioner's clothing. Petitioner seeks to expand the record to include the evidence envelopes and related documentary evidence to show that the evidence was actually packaged by police officer John Pierce.

Petitioner's motion to expand the record is governed by Rule 7 of the Rules Governing Habeas Corpus Cases under Section 2254.[1] In order to introduce

---

[1] Rule 7 states: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."

evidence pursuant to this rule, petitioner must meet the requirements of 28 U.S.C. § 2254(e)(2). Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007) (citations omitted). Under 28 U.S.C. § 2254(e)(2), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Id. (quoting Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005)). Additionally, "a petitioner must show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. (quoting Perry v. Kemna, 356 F.3d 880, 889 (8th Cir. 2004)).

Petitioner does not address the requirements of 28 U.S.C. § 2254(e) and thus cannot establish that he is entitled to expand the record. Furthermore, Pierce testified at a post-trial hearing that he received the evidence from Tesreau and packaged it. Doc. #15-1 at 101-02. The evidence envelopes and other documents are cumulative of Officer Pierce's testimony and thus their inclusion in the record is unnecessary to adjudicate petitioner's claims for relief.

In his motion for sanctions, petitioner asks the Court to order the exclusion of the hammer and his clothing in the event that he is awarded a new trial as the result of these habeas corpus proceedings. The Court does not have the authority to grant the relief petitioner seeks.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to expand the record [Doc. #23] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion for sanctions [Doc. #19] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2016