UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARTHUR T. REED,                          )
                                         )
            Petitioner,                  )
                                         )
      vs.                                )      Case No. 4:15CV1843 ACL
                                         )
TROY STEELE,                             )
                                         )
            Respondent.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Arthur T. Reed for a writ of habeas

corpus under 28 U.S.C. § 2254.   This case was reassigned to the undersigned on August 24, 2017,

upon the retirement of the Honorable Carol E. Jackson, United States District Judge.   (Doc. 30.)

Presently pending are the following motions filed by Reed: Petitioner's Second Request for an

Evidentiary Hearing (Doc. 27), and Motion to Expand the Record (Doc. 29).   Respondent has not

responded to these motions and the time for doing so has expired.

Reed previously filed a motion for evidentiary hearing on December 11, 2015,

contemporaneously with the filing of the Petition.   (Doc. 3.)   Judge Jackson denied the Motion

without prejudice on December 15, 2015, finding that the motion was premature.   (Doc. 6.)

Reed now requests an evidentiary hearing on his claims regarding the seizure and handling of the

clothing items obtained at the scene of the crime.   He seeks to obtain testimony from Officer John

Pierce along with other evidence, which he claims will refute the trial testimony of Officer

Matthew Tesreau regarding the chain of custody.   This issue is relevant to Reed's fifth, seventh,

eighth, ninth, and tenth grounds for relief.

In ground 5, Reed argues that the Missouri Supreme Court erred in denying his state

petition for habeas corpus under Missouri Supreme Court Rule 91 because the State failed to

disclose evidence that impeached the trial testimony of Officer Tesreau regarding the clothing seized from the scene of the crime. Grounds 7, 8, 9, and 10 are ineffective assistance of counsel claims related to this issue.

Reed has also filed a Motion to Expand the Record, in which he seeks to file the following two exhibits relating to the claims discussed above: (1) a letter from the St. Louis Circuit Attorney's Office dated June 27, 2017 regarding Reed's records request (Doc. 29-1, Pet's Ex. 3); and (2) a copy of the front and back of the evidence envelope containing clothing provided by the St. Louis Circuit Attorney's Office in response to Reed's records request (Doc. 29-2, Pet's Ex. 4).

Respondent has not objected to the filing of these documents, and they are relevant to Reed's claims in the instant Petition. As such, the Court will grant Reed's request to file Exhibit #3 and Exhibit #4.

"Evidentiary hearings in habeas proceedings are barred unless the petitioner 'was unable to develop his claim in state court despite diligent effort.'" *Wright v. Bowersox,* 720 F.3d 979, 987 (8th Cir. 2013) (quoting *Williams v. Taylor,* 529 U.S. 420, 437 (2000)). Further, whether to grant an evidentiary hearing rests in the district court's discretion. *Id.* (citation omitted). An evidentiary hearing is not necessary when the merits of a petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992).

Reed has failed to show that he did not have the opportunity to develop his claims in the post-conviction proceedings. The record shows that an evidentiary hearing was held on Reed's post-conviction motion. (Doc. 15-7 at 149.) In short, nothing in the record supports Reed's claim that he was unable to develop his claims in state court. Additionally, Reed's claims would not have exonerated him. At this stage of the litigation, it appears that the record contains sufficient facts to make an informed decision on the merits of Reed's claims. Thus, Reed's Second Request for an Evidentiary Hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Expand the Record (Doc. 29) is **granted,** in that Petitioner is permitted to file Exhibit #3 and Exhibit #4.

**IT IS FURTHER ORDERED** that Petitioner's Second Request for an Evidentiary Hearing (Doc. 27) is **denied**.

Dated this 15th day of November, 2017.


ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE